550 A.2d 1049

Charles Anderson, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Bookmart Video, Inc., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued October 5, 1988, before Judges CRAIG, DOYLE, BARRY, COLINS, PALLADINO, McGINLEY and SMITH.

*Carl Max Janavitz,* for appellants.

No appearance for appellee.

Opinion by Judge Barry, December 7, 1988:

Charles Anderson and Bookmart Video, Incorporated appeal a decision of the Court of Common Pleas of Allegheny County which affirmed a finding of guilty by a district magistrate and denied the appellants' motions for a new trial.

Charles Anderson is the president of Bookmart Video Incorporated, a book store located in the Township of North Versailles (Township). On November 25, 1986, the appellants were cited by the Township's Zoning Officer for violating the Township Pornography Ordinance (Ordinance). At a hearing before a district magistrate the appellants were found guilty of violating Section 769 of the Ordinance. Both appellants filed appeals from this decision and motions to quash the citations. The trial court, after a non-jury de novo hearing, affirmed the district magistrate. Motions for a new trial were denied. The appellants appeal these orders, which have been consolidated for argument.[1]

The appellants argue that the trial court erred as a matter of law by concluding that they were guilty of a

---

[1] We have jurisdiction over this matter pursuant to 42 Pa. C. S. §762(a)(4).

violation of Section 769 of the Ordinance. They allege that the evidence submitted before the court was not sufficient to establish that they had violated the Township's Ordinance. They argue that, since the Township did not submit the alleged pornography into evidence, the best evidence doctrine precludes a determination as to whether the material was obscene. They also argue that the township's Ordinance is pre-empted by state law which prohibits local legislation seeking to enforce obscenity violations. The appellants also argue that their constitutional rights were violated since the determination of their guilt was not adjudicated by a jury as the finder of fact. They argue that only a jury is able to determine whether community standards have been offended by the alleged pornographic material. Since we believe that the evidence presented to the trial court was insufficient to establish, as a matter of law, the guilt of the appellants, we will reverse the trial court decision and confine our discussion to this issue.

At the de novo hearing, the township elicited the testimony of the Township Zoning Officer and an interested citizen. This testimony constituted the township's case in chief. The Zoning Officer stated that he entered the premises and proceeded to the adult section of the premises. The officer testified that he saw several magazine covers on display in the adult section and that he viewed an x-rated movie for one or two minutes in a private viewing booth. After issuing the citation, he left the premises within 5 to 10 minutes after he entered. The officer did not specifically identify any of the alleged pornographic material by reference to a name or title. The citizen, John Patterson, testified that he was part of a citizens' group that had conducted a survey concerning the material contained on the premises. He stated that lewd material was being displayed on bookshelves and that x-rated movies were available for view-

ing in private booths. Mr. Patterson was not able to identify by name or title any of the material displayed on the premises. Both the Zoning Officer and Mr. Patterson testified that the material displayed on the premises was pornographic and it was against the community standards of the Township. The trial court permitted the appellants to cross-examine both witnesses. On cross, the appellants were able to firmly establish that the Township had not produced any of the material claimed as pornographic. Nor did the Township seek to introduce any of the alleged pornographic material, choosing to rely instead on the testimony of these two witnesses.

Based only on the evidence of these two witnesses, the trial court opined that the appellants were displaying pornographic material and found the appellants guilty of a violation of the Ordinance. The trial court's opinion contains no findings of fact, nor does it discuss the evidence. The trial court confines its analysis to a determination of whether the appellants' constitutional rights had been violated and whether state and federal law preempts local enforcement of a pornography ordinance.[2] We believe that the Township failed as a matter of law to establish that the Ordinance had been violated since it failed to introduce sufficient evidence before the trial court.

Without the production of the alleged pornographic material, it was an error of law for the trial court to admit the testimony of the two witnesses. The best evidence rule prohibits the introduction into evidence of secondary evidence unless it is shown that original documentation has been lost or destroyed or is beyond the jurisdiction of a court without fault of the offering

---

[2] The trial court also opined that, since the Ordinance did not provide for imprisonment, it was civil in nature and, therefore, the right to a jury trial was negated.

party. Black's Law Dictionary, 5th edition. Clearly, the best evidence concerning the alleged pornographic material was the material itself. The trial court, as the trier of fact, should have required the introduction of this evidence. Since the witnesses did not actually read the written material or view the film in its entirety the best evidence rule precludes their testimony to establish the contents. *See Department of Transportation v. Cox,* 92 Pa. Commonwealth Ct. 591, 499 A.2d 1140 (1985). The Supreme Court has stated:

> The rule requiring production of the best evidence calls for the best that can be produced *at the time it is offered. . . .* Secondary evidence is admissible whenever a satisfactory reason for non-production of the original is given, as for example, where it is lost or destroyed, or beyond the jurisdiction of the court. (Emphasis in original.)

*L.C.S. Colliery, Inc. v. Globe Coal Co.,* 369 Pa. 1, 9, 84 A.2d 776, 781 (1951). Further, we believe that the trial court erred as a matter of law by allowing the witnesses to testify whether the material was pornographic. There was no offer of proof that the witnesses represented a reliable cross section of the citizens of the Township. Therefore, there was little or no substantial evidence before the trial court. Its conclusion that the material was pornographic is not supported by sufficient evidence and was an error of law. Accordingly, we will reverse. We need not reach the other issues raised by the appellants.

## ORDER

Now, December 7, 1988, the order of the Court of Common Pleas of Allegheny County entered February 12, 1988 at S.A. 309 of 1987 and S.A. 392 of 1987, is reversed.