572 A.2d 54

Charles ANDERSON, Appellant,

v.

COMMONWEALTH of Pennsylvania, Appellee.

BOOKMART VIDEO, INC., Appellant,

v.

COMMONWEALTH of Pennsylvania, Appellee.

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1990.

Decided March 22, 1990.

Carl Max Janavitz, Pittsburgh, for appellant.

G.N. Evashavik, Evashavik & Della Vecchia, Pittsburgh, for appellee.

Before COLINS and SMITH, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

Bookmart Video, Inc. and Charles Anderson appeal an order of the Court of Common Pleas of Allegheny County which dismissed their bills for costs.

In *Anderson v. Commonwealth,* 121 Pa.Commonwealth Ct. 521, 550 A.2d 1049 (1988), we reversed convictions against each of the appellants herein for violating the North Versailles Township (Township) pornography ordinance because the Township had failed to introduce sufficient evidence to prove its case. Four days after our decision, appellants filed in this court a bill of costs seeking reimbursement of costs pursuant to Pa.R.A.P. 2741(4). We denied the bill of costs without prejudice to file the same in the Court of Common Pleas of Allegheny County. Appellants then filed the bill in the trial court. The Township then filed a petition to strike the bill. On June 8, 1989, the trial court granted the Township's motion and ordered the bills to be stricken. These appeals followed.

Rule 2741(4) of the Rules of Appellate Procedure provides:

Except as provided by law:

. . . .

(4) If an order is reversed, without a direction for a new trial, costs shall be taxed against the appellee unless otherwise ordered....

When the matter was decided by this court, we reversed because there was not sufficient evidence to sustain the conviction; *we did not direct that a new trial be granted.* Under such circumstances, the plain language of Rule 2741 would seem to require that costs be awarded.

The note to Rule 2741 states that costs are to be awarded except where (1) the costs concern a fund and such costs should be borne by that fund, (2) a question of public importance is involved or the applicable law is uncertain and (3) imposition of costs would work a substantial injustice.

■ In a two sentence opinion explaining its order dismissing the bill of costs, the trial court stated, "Appellant's bill of costs was stricken because the township is precluded from bringing another action, after reversal on evidentiary matters, because the offending premises occupied by the appellants were vacated and the issue is now moot." (Trial Court Opinion, 7/26/89). Vacating the premises would have no effect on the appellants' actions which occurred prior to such vacation. To find that this case became moot is inexplicable.

■ The Township makes a number of other arguments why the order dismissing the bill of costs should be affirmed. It first argues that it brought the prosecutions in good faith and awarding costs against it would work a substantial injustice. In spite of its assertion of good faith, we note the following. First, the Township never participated in the original appeals before this court. Second, while the Township filed a brief in this case, it did not appear at oral argument. Finally, the Township here instituted criminal proceedings yet failed to adequately prepare so as to be able to prove its case and in fact did not present sufficient evidence to meet its burden of proving the appellants' guilt. Under these circumstances, we cannot say that the imposition of costs against this Township will work a substantial injustice.

■ The Township next argues that the request for costs was untimely. Pa.Rules of Appellate Procedure 3751 requires that a bill of costs be submitted to the Commonwealth Court within fourteen days of entry of the final order in question. The Township states that the order in question here was filed on October 5, 1988 while appellants did not file their bill of costs until December 12, 1988. October 5, 1988 was the *date of oral argument in the original case;* our order was filed December 7, 1988, thereby making appellants' request timely.

■ The Township finally argues that, even if the appellants are entitled to recover their costs, said costs cannot

include the cost of preparing a transcript of the proceedings before the district justice. Pa.R.A.P. 2743(a) provides:

> Except as otherwise provided by law, taxable costs on appeal shall include:
>
> (1) Fees in the appellate court paid in the matter pursuant to Rule 2701 (payment of fees required).
>
> (2) In cases in which an evidentiary record is made before the appellate court, other than by the filing of a stipulation of facts, the cost of the original transcript....
>
> (3) Costs authorized by or pursuant to this chapter.

The only other costs authorized by Chapter 27 of the Rules of Appellate Procedure are reasonable counsel fees and damages for delay, Pa.R.A.P. 2744 and "[c]osts incurred in the preparation and transmission of the record, the costs of the notes of testimony or other transcript, *if necessary to a determination on appeal,* the premiums paid for costs of supersedeas bonds ..., and the fee for filing the notice of appeal...." Pa.R.A.P. 2771 (emphasis added).

As the Township correctly notes, when an appeal from a summary criminal conviction is taken from a district justice to common pleas, the latter hears the matter de novo. Pa.R.Crim.P. 86(f). As the original appeal was from the de novo trial conducted before the Court of Common Pleas of Allegheny County, the transcripts of the proceedings before the district justice were not necessary for a determination of that appeal. As appellants are able to cite no authority for recovering the costs of those transcripts, we must conclude that said costs are not recoverable under the Rules of Appellate Procedure.

Appellants ask that we award the costs of the present appeal to the bill of recoverable costs. While there is authority for this Court awarding costs, Pa.R.A.P. 2762(b), we think the matter is best left to the Court of Common Pleas of Allegheny County. Included in the record of this appeal are appellants' bills of costs. While we have no reason to believe that any of the numbers contained therein are not accurate, it is not our function to decide such questions of credibility. The trial court never gave appel-

lants an opportunity to produce evidence proving the accuracy of the costs claimed. As the matter must be remanded for this purpose, we believe it best that appellants request from the trial court the costs of pursuing the present appeal.

Vacated and remanded.

## ORDER

NOW, March 22, 1990, the order of the Court of Common Pleas of Allegheny County, dated June 8, 1989, at Nos. SA 309 and SA 392 of 1987 are vacated and the matters are remanded for the purposes stated in this opinion.

Jurisdiction relinquished.