623 A.2d 355

**COMMONWEALTH of Pennsylvania**

v.

**Dennis D. LEWIS, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1992.

Filed April 16, 1993.

532

James F. Donohue, Butler, for appellant.

Before ROWLEY, President Judge, and DEL SOLE and CERCONE, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment of sentence for retail theft. We find that the trial court erred in admitting certain testimony, and that such error was not harmless; therefore, we reverse and remand for a new trial.

At trial, the testimony of Officer Timothy Barclay established that Appellant, Dennis D. Lewis, was shopping at the Town Mall in New Castle, Pennsylvania on December 2, 1989, with Donald Lohnes, a co-worker. The two men entered the mall through an entrance to a Sears store, and stopped in the Sears electronics section. Appellant picked up several radio "walkmans" from the display case, and after examining them, returned them to the display case. Appellant then knelt, picked up another "walkman," and handed it to Lohnes, who was standing in close proximity to him. Lohnes placed the "walkman" in his jacket, as Appellant glanced around the store. Appellant then proceeded to leave Sears and enter the mall, with Lohnes following him. Neither of the two made any attempt to pay for the merchandise before exiting Sears. As they entered the mall, Appellant and Lohnes were apprehended by Stephen Fee, a store security guard, who escorted them to Sears. Fee then contacted the local police, and Officer Timothy Barclay arrived and placed the two men under arrest. The actions of Appellant and Lohnes while they were in the electronics department had been recorded by a video camera in the Sears store. Officer Barclay had the opportunity to view the tape, which was subsequently stored in the basement of the Sears store.

The testimony of Officer Barclay was introduced at Appellant's jury trial over defense counsel's objections. Barclay testified regarding what he observed on the tape, although he had not had the opportunity to observe Appellant's actions contemporaneously with the crime. Prior to Barclay's testimony, security guard Stephen Fee had testified regarding his personal observations of Appellant and Lohnes and their respective actions in the store, which led to his apprehending them in the mall. Appellant was convicted of retail theft, and

following the denial of his post-verdict motions, was sentenced to two to four years imprisonment. This appeal followed.

Appellant raises three issues for review:

1) Whether Officer Barclay's testimony concerning Appellant's actions is hearsay evidence; and if so, whether the admission of such evidence constitutes prejudicial error which would warrant a new trial?

2) Whether the Best Evidence Rule applies to the contents of the video tape; and if so, whether the admission of Barclay's testimony violated the Rule?

3) Whether the evidence is sufficient to support Appellant's conviction of retail theft?

Hearsay evidence is defined as in-court evidence of an out-of-court declaration, whether oral or written, which is offered to show the truth of the out-of-court assertion. *Kemp v. Qualls*, 326 Pa.Super. 319, 473 A.2d 1369 (1984). In the instant case, the alleged "declaration" is the conduct of Appellant as recorded on the video tape. Since Appellant's actions do not fall within the category of assertive conduct, i.e., conduct which is intended to convey a message, neither the hearsay rule or the hearsay exception of the admission of a party-opponent is applicable. Instead, the facts in the instant case warrant an analysis under the best evidence rule.

The best evidence rule, followed in Pennsylvania, is expressed in *Warren v. Mosites Construction Company*, 253 Pa.Super. 395, 385 A.2d 397 (1978):

The "best evidence" rule limits the method of proving the terms of a writing to the presentation of the original writing, where the terms of the instrument are material to the issue at hand, unless the original is shown to be unavailable through no fault of the proponent. McCormick, Evidence 560 (2d ed. 1972). The Pennsylvania courts use the "best evidence" rule when the contents of documentary evidence are at issue. *Ledford v. Pittsburgh & Lake Erie R.R. Co.*, 236 Pa.Super. 65, 345 A.2d 218 (1975) ... The best evidence rule is controlling only if the terms of a writing *must* be proved to make a case or provide a defense. McCormick,

supra. Furthermore, where the testimony does not divulge the contents of the instrument, the best evidence rule does not apply. 2 Jones, Evidence § 7:5 (6th ed. 1972).

In the instant case, the issue is not simply whether the contents of a writing are in issue and would thus implicate the best evidence rule, but whether the same principles which warrant the application of the best evidence rule to documentary evidence are present in the instant case, which involves a videotape. Although the Federal Rules of Evidence apply the rule to writings, recordings and photographs, *See* F.R.E. 1002, Pennsylvania courts have been reluctant to extend the rule to provide similar application.

Although repeatedly declining to apply the best evidence rule to cases involving sound recordings, Pennsylvania courts have never expressly limited the application of the rule to documentary evidence alone. Furthermore, we find no case in which the term "writing" is specifically defined within the meaning of the best evidence rule. In *Commonwealth v. Farrar*, 271 Pa.Super. 434, 413 A.2d 1094 (1979), this court, faced with an issue involving the best evidence rule, stated, "The 'best evidence rule' applies only to the proof of writings. (What is meant by a 'writing' is a question not at issue here.)" *Id.* at 445–46, 413 A.2d at 1100.

*Durkin v. Equine Clinics, Inc.,* 313 Pa.Super. 75, 459 A.2d 417 (1983), involved the application of the best evidence rule to a sound recording. In that case, the appellants argued that the trial court erred in refusing to permit a recorded interview to be played for the jury. Instead, the trial court had admitted a written transcript of the recording into evidence. The appellants argued that the introduction of the written transcript, rather than of the sound recording itself, violated the best evidence rule. We stated:

> Even if we were to consider the tape recording to be a "writing," the Best Evidence Rule would not apply in this case. The Best Evidence Rule is only applicable to the proof of the contents of the documents when the contents of those documents are material to, rather than mere evidence of, the issues at bar ... In this case, the contents of the

interview were merely collateral to the issue of appellees' negligence. Proof of its content was not necessary in order to make a case or provide a defense.

*Id.* at 79, 459 A.2d at 419.

*Commonwealth v. Schauffler,* 397 Pa.Super. 310, 580 A.2d 314 (1990) also concerned the application of the best evidence rule to a sound recording. The appellant in *Schauffler* argued that his trial counsel had been ineffective for not attempting to keep the trial court from hearing a taped conversation between the appellant and a police officer to whom he had offered a bribe. The Commonwealth did not prove the conversation by a transcript of the recorded conversation, but by introduction of the recorded conversation itself. Citing *Durkin,* we held that the tape recording was not excludable under the best evidence rule.

*Anderson v. Commonwealth,* 121 Pa.Cmwlth. 521, 550 A.2d 1049 (1988) is the only case involving the application of the best evidence rule to a videotape. In *Anderson,* the owner of a bookstore appealed the trial court's finding that he had violated a township pornography ordinance. At trial, the township elicited the testimony of the Township Zoning Officer and an interested citizen concerning the allegedly pornographic contents of reading material and videotapes which were available at the bookstore. The township did not produce any of the material alleged to be pornographic. On appeal, the Commonwealth Court held that without the production of the alleged pornographic material, it was an error of law for the trial court to admit the testimony of the two witnesses. The court stated:

> Clearly, the best evidence concerning the alleged pornographic material was the material itself ... Since the witnesses did not actually read the written material or view the film in its entirety the best evidence rule precludes their testimony to establish the contents.

*Id.* at 523, 550 A.2d at 1050.

The rationale for the best evidence rule was discussed in *Hamill–Quinlan, Inc. v. Fisher,* 404 Pa.Super. 482, 591 A.2d 309 (1991):

The rationale for the rule is readily apparent: in light of the added importance that the fact-finder may attach to the written word, it is better to have available the exact words of a writing, to prevent 'the mistransmitting [of] critical facts which accompanies the use of written copies or recollection,' and to prevent fraud. *See* L. Packel & A. Poulin, Pennsylvania Evidence, § 1001 at 694 (1987 & Suppl.1990), (quoting McCormick, Evidence, § 231 (3d ed. 1984)).

*Hamill–Quinlan, Inc.* at 489, 591 A.2d at 313.

■ We find that the facts in the instant case present the same type of circumstances which the best evidence rule was designed to guard against: a witness is attempting to testify regarding the contents of a videotape when the tape itself has not been admitted into evidence. The need to secure the original evidence itself, in order to insure that the contents of the evidence be given the proper weight, is apparent in this case. Thus, the best evidence rule should apply, in order to prevent any mistransmission of the facts surrounding Appellant's acts in the Sears store which might mislead the jury.

Furthermore, the contents of the tape i.e., Appellant's alleged act of retail theft, were very much at issue in the present case, since Appellant had been charged with retail theft. The interpretation of exactly what occurred between Appellant and his companion in the Sears store was crucial to a determination of whether Appellant had intended to remove the radio from the store without paying for it, and whether he had in fact known what his companion was doing when Lohnes exited the store with the radio in his jacket. Therefore, because Officer Barclay attempted to testify regarding the contents of the videotape, the best evidence rule bars the admission of his testimony. Unlike the witnesses in *Anderson*, Officer Barclay had viewed the tape; nevertheless, he did not have first-hand knowledge of Appellant's alleged act of theft; rather, whatever knowledge he possessed was gained from his viewing of the videotape. Thus, the original tape should have been produced. Security guard Stephen Fee testified at trial that he was unable to locate the videotape of Appellant's actions, as such tapes were stored in the basement

of the Sears store, and the system whereby they are classified for storage is imprecise. Because this explanation concerning the unavailability of the tape was unsatisfactory, application of the rule to the instant case renders the testimony of Officer Barclay inadmissible as secondary evidence. Therefore, the trial court erred in admitting Barclay's testimony.

Furthermore, the admission of Officer Barclay's testimony concerning the content of the video tape does not constitute harmless error. The general harmless error standard is set forth in *Commonwealth v. Norris*, 498 Pa. 308, 446 A.2d 246 (1982):

Under the test adopted by this court, evidence improperly admitted can be treated as harmless on any one of three grounds, namely, that the evidence of guilt, without regard to the tainted evidence, is so overwhelming that conviction would have followed beyond a reasonable doubt without regard to it, that the tainted evidence is merely cumulative of other proper persuasive evidence on the issue for which it is offered, or that it is so slight or tangential in its effect that its influence on the jury can be determined to have been *de minimis*.

*Id.* at 317, 446 A.2d at 250.

In the instant case, we find none of these grounds to be present. After careful examination of the record, we have determined that the properly admitted testimony of security guard Stephen Fee does not demonstrate that Appellant knew that his companion Lohnes placed the radio in his (Lohnes') coat. Therefore, without Officer Barclay's testimony, the remaining evidence is not so overwhelming to have resulted in a conviction absent Barclay's testimony. Nor is Barclay's testimony of a cumulative nature in regard to the other admissible evidence; rather, it is contradictory to Fee's testimony, since Barclay's testimony permits the inference that Appellant knew what his companion was doing. Finally, Barclay's testimony does not concern a tangential matter, but instead involves a central issue, namely, the requisite mental state for the crime charged. Therefore, it cannot be said that the improper admission of Officer Barclay's testimony was

harmless. We reverse the trial court's judgment of sentence and remand for a new trial.

■ Appellant's final claim concerns the sufficiency of the evidence. In determining the sufficiency of evidence, the reviewing court considers the evidence actually received, whether the trial court rulings thereon were correct or not. *Reichman v. Wallach,* 306 Pa.Super. 177, 452 A.2d 501 (1982). The evidence received in the instant case includes the testimony of Officer Barclay, which, when viewed in the light most favorable to the Commonwealth as the verdict winner, would enable the trier of fact to find every element of retail theft proven beyond a reasonable doubt. *Commonwealth v. Edwards,* 521 Pa. 134, 555 A.2d 818 (1989). Therefore, although Officer Barclay's testimony was erroneously admitted, when we consider it as part of all of the evidence which was received at trial, Appellant's claim regarding the sufficiency of the evidence fails. However, as we have discussed above, a new trial is warranted on the basis that the testimony of Officer Barclay was erroneously admitted, and such admission was not harmless.

Judgment reversed and case remanded for new trial. Jurisdiction relinquished.