COMMONWEALTH of Pennsylvania,
Appellee,

v.

Jamie STEWARD, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 28, 2000.
Filed Nov. 6, 2000.

Peter A. Levin, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Commonwealth, appellee.

Before STEVENS, LALLY–GREEN and BECK, JJ.

BECK, J.:

¶ 1 In this appeal from his judgment of sentence for robbery and related offenses, appellant claims that the trial court erred in denying his motion for sanctions and in limiting cross-examination. He also raises an ineffective assistance of counsel claim, as well as challenges to the sufficiency and weight of the evidence. We affirm.

¶ 2 A security officer for the Ross department store in Philadelphia watched appellant, via a closed circuit television camera, as he removed a number of items from store displays and placed them in a bag he was carrying.

¶ 3 The security officer, William Strange, manipulated the video camera so that he could observe appellant make his way through the store, past the cash registers and to the exit doors. At that point, Strange left the video surveillance room and confronted appellant in the vestibule between the store and the street. According to Strange, appellant handed him the bag, stating: "Here's the stuff. I took it." Appellant then pushed Strange out of his way and fled. Strange pursued appellant out onto the street and to a subway entrance. The two men scuffled as Strange attempted to arrest appellant. During the struggle, appellant bit Strange's hand and Strange's finger was broken.

¶ 4 Appellant was convicted of robbery, theft by unlawful taking, theft by receiving stolen property and simple assault. He was sentenced to two to four years in prison and now brings this timely appeal. In his brief, he raises the following issues:

1) Did the trial court err in denying appellant's motion for sanctions in connection with the destruction of relevant evidence;

2) Did the trial court improperly limit cross-examination on the location of the video surveillance room;

3) Was trial counsel ineffective for failing to make appropriate efforts to subpoena the videotape and seek sanctions for the prosecution's failure to keep the tape;

4) Was the evidence sufficient to support the conviction for robbery; and

5) Was the verdict against the weight of the evidence?

¶ 5 Appellant's first issue concerns the videotape made at the time the theft occurred. At the preliminary hearing, Strange testified that the tape existed and was in the possession of Ross personnel. At trial, however, the prosecutor informed counsel and the court that Ross personnel had subsequently taped over the recording and so it was not available as evidence. Counsel promptly sought sanctions under Pa.R.Crim.P. 305B and relied on *Commonwealth v. Lewis*, 424 Pa.Super. 531, 623 A.2d 355 (1993), for support.

¶ 6 In *Lewis*, the appellant stood trial for a theft that was allegedly recorded on a video surveillance camera. An employee of the store who had viewed the videotape

testified at trial regarding appellant's actions. The tape itself could not be located at time of trial and so was not offered as evidence. On appeal, a panel of this court held that the employee's testimony was inadmissible because the sole source of his knowledge was the videotape. The fact that the witness "did not have first hand knowledge of [the] appellant's alleged act of theft" was fatal to the Commonwealth's case. *Id.* at 359. Because the employee's knowledge came solely "from his viewing of the videotape," admission of his testimony in the absence of the tape violated the best evidence rule. *Id.*

¶ 7 The trial court held that this case differed significantly from *Lewis* in that Strange personally observed appellant commit the theft. The fact that a videotape was made at the same time as Strange's eyewitness observation did not elevate the tape to "best evidence" status since Strange did not rely on the tape at all when testifying at trial.

■ ¶ 8 We agree that *Lewis* does not control in this case because unlike the witness in *Lewis*, Strange had the "opportunity to observe appellant's action contemporaneously with the crime." *Id.* at 356–57. The sanction appellant sought, the exclusion of Strange's testimony, simply was not required where, as here, the witness observed the theft himself and did not rely on the videotape. Contrary to appellant's assertions, the videotape was not "crucial evidence" in this case. As appellant concedes in his brief, "the testimony presented by Mr. Strange is based solely upon his *live viewing* of a theft through a video monitor." Appellant's Brief at 12 (emphasis supplied). Thus, the best evidence was Mr. Strange's eyewitness testimony.

■ ¶ 9 Further, Rule 305B, which requires mandatory disclosure of exculpatory evidence and discretionary (by the court) disclosure of all other evidence, does not require sanctions in this case. The trial court found that the Commonwealth did not possess the tape and was not responsible for its destruction. The record supports these findings. Under such facts, there is no discovery violation and sanctions are therefore inappropriate. *See Commonwealth v. York*, 319 Pa.Super. 13, 465 A.2d 1028, 1031 (1983) (where evidence establishes that prosecutor did not possess, suppress or destroy tapes, sanctions were inappropriate). We conclude that the trial court's resolution of this matter was proper and appellant is not entitled to relief on this claim.

■ ¶ 10 Appellant next claims that the trial court improperly limited defense counsel's cross-examination of Strange when it did not require him to reveal the location of the video surveillance room. On cross-examination Strange declined, for security reasons, to reveal the location of the room. Defense counsel objected and as a result the court permitted counsel to ask Strange details regarding the surveillance room. Strange testified that the room was on the same floor as the store's merchandise and that it was located approximately 200 feet from where appellant stood at the time of the theft. However, the trial court did not require Strange to reveal the specific location of the room.

■ ¶ 11 The trial court's resolution of this issue is subject to an abuse of discretion standard, wherein we balance the reason for confidentiality against the defendant's need for the information. Pa. R.Crim.P. 305B(2); *Commonwealth v. Rodriguez*, 543 Pa. 651, 674 A.2d 225, 228–30, *cert. denied*, 519 U.S. 880, 117 S.Ct. 207, 136 L.Ed.2d 142 (1996). The Commonwealth argued that the witness had an interest in keeping the location of the room confidential to prevent others from knowing where security personnel were located. It is clear from the trial transcript that counsel's purpose in revealing the location was to establish the distance between Strange in the surveillance room and appellant at the exit doors. Counsel's theory, offered at trial, was that Strange could not have watched appellant for as long as

he claimed and still been able to apprehend him in the store's vestibule.[1]

¶ 12 The transcript establishes that counsel was able to make this argument without knowing the precise location of the surveillance room. In his brief, appellant does not offer additional reasons why the location of the room was imperative for his defense. He makes only a general claim that the court's order "hampered" his defense and "impaired" his right to cross-examine Strange. Because the record shows otherwise, and because appellant can offer no concrete examples of any prejudice that inured to him as a result of the trial court's ruling, we find that he is not entitled to relief. *See Rodriguez, supra* (where information regarding confidential location is sufficient to permit cross-examination, due process rights not infringed). *See also Commonwealth v. Santiago*, 429 Pa.Super. 135, 631 A.2d 1323 (1993) (no relief due because appellant failed to establish how confidential location would have enhanced his defense).

¶ 13 Appellant's next issue, that trial counsel was ineffective for failing to subpoena the videotape and seek sanctions, can be summarily rejected. The record plainly establishes that trial counsel subpoenaed the tape prior to trial and promptly sought sanctions once he learned of its destruction. For the reasons set out above, the trial court properly resolved those issues at time of trial.

¶ 14 Appellant's final claims concern the weight and sufficiency of the evidence against him. With regard to sufficiency, appellant claims that the evidence did not make out the elements of robbery. He argues that because appellant gave the stolen items to Strange in the vestibule and only thereafter "defended himself as Mr. Strange physically attempted to detain him," the physical altercation did not occur "during the theft." As a result, there can be no robbery, which requires bodily injury "in the course of committing a theft." 18 Pa.C.S.A. § 3701(a)(i).

¶ 15 Appellant's argument is flawed. The law is clear that an injurious act satisfies the "in the course of" requirement if is accomplished "in flight after the . . . commission" of a theft. 18 Pa.C.S.A. § 3701(a)(2); *Commonwealth v. Uderra*, 550 Pa. 389, 706 A.2d 334, 341–42 (1998), cert. denied, 526 U.S. 1070, 119 S.Ct. 1465, 143 L.Ed.2d 550 (1999). Appellant's infliction of bodily injury upon Strange, committed as it was moments after the theft and during his flight and apprehension, satisfies the requirement that the act was committed in the course of the theft. *Id.*

¶ 16 With regard to appellant's weight claim, we find the matter waived. *See* Pa.R.Crim.P. 1124(A) (challenges to the weight of the evidence must be made in the first instance to the trial court). Even if the issue were preserved, our review of the record would lead us to conclude that the verdict was not "shocking to one's sense of justice" and so the claim would be denied. *Commonwealth v. Hodge*, 441 Pa.Super. 653, 658 A.2d 386, 388 (1995).

¶ 17 Judgment of sentence affirmed.

---

1. Counsel argued that Strange's 200–yard distance from the accused made his story unbe-

lievable. Actually, Strange testified that he was 200 feet, not yards, from appellant.