J-S48002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CAMEO WITHERSPOON | |
| Appellant | No. 94 WDA 2014 |

Appeal from the Judgment of Sentence August 29, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006392-2011
CP-02-CR-0011704-2013

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 26, 2015**

Appellant, Cameo Witherspoon, appeals from the judgment of sentence entered after a jury convicted him of robbery and conspiracy and the trial court convicted him of illegal possession of a firearm.  We conclude that police officers' testimony regarding what they observed on a surveillance video, which was displayed to the jury and the trial court, did not violate the Pennsylvania Rules of Evidence.  Further, Witherspoon's claim that the verdict was against the weight of the evidence is waived, as it was not included in his court-ordered Rule 1925(b) statement.  We therefore affirm.

The Commonwealth charged Witherspoon with robbing a travelling tattoo artist in conjunction with an accomplice.  Witherspoon and his

accomplice waited for the victim in an apartment building's staircase. As the victim reached the second floor landing, Witherspoon's accomplice grabbed the victim from behind and placed the victim in a full-nelson hold.

Witherspoon then approached the victim from the first floor stairs, and placed shotgun to the victim's head, saying, "It's not worth it, cuz." Witherspoon proceeded to search the victim, taking the victim's cell phone, knife, and $120.00 in cash. Witherspoon and his accomplice then ran from the apartment building.

The robbery was caught on the building's surveillance camera. Police officers reviewed the video and identified Witherspoon as the man holding what appeared to be a shotgun. They then provided the victim with a photo array including a photo of Witherspoon, and the victim immediately identified Witherspoon.

Police arrested Witherspoon, and he was brought to trial on the aforementioned charges. At trial, Witherspoon conceded that he was the man in the video, but denied that he was carrying a shotgun. In contrast, Detective Jeffrey Wingard opined that he believed Witherspoon was carrying a shotgun. At the close of testimony, the jury convicted Witherspoon of robbery and criminal conspiracy, while the trial court convicted him of illegal possession of a firearm.

After the trial court sentenced Witherspoon to a period of confinement of 7.5 to 15 years, Witherspoon filed post-sentence motions. The trial court denied his motions, and this timely appeal followed.

On appeal, Witherspoon seeks to raise two issues for our review. First, that the trial court erred in permitting Detective Wingard to testify to his opinion of what the surveillance video showed. Second, Witherspoon argues that the trial court erred in not granting a new trial as the verdicts were against the weight of the evidence at trial. We will address these issues in order.

Witherspoon's first issue asks us to review the trial court's ruling on the admissibility of evidence.

> We evaluate the trial court's determinations regarding the admissibility of evidence by an abuse of discretion standard. We will not disturb the trial court's ruling unless that ruling reflects "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous."

*Commonwealth v. Einhorn*, 911 A.2d 960, 972 (Pa. Super. 2006) (citations omitted).

Witherspoon splits his first issue into two separate arguments. First, he contends that Detective Wingard's testimony was impermissible expert testimony from a witness that was not qualified as an expert. Pennsylvania Rule of Evidence 701 provides that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is rationally based on the witness's perception, helpful to clearly understand the

witness's testimony or a fact in issue, and not based on scientific, technical, or other specialized knowledge[.]"  Pa.R.E., Rule 701(a)-(c).  Thus, lay opinion testimony is admissible if it is rationally based on the perception of the witness and helps a fact-finder reach a clear understanding of the witness's testimony.  *See Deeds v. University of Pennsylvania Medical Center*, 110 A.3d 1009, 1018 (Pa. Super. 2015).  "Although the admission of an opinion on an ultimate issue of fact does not constitute error *per se,* ... if its admission would confuse, mislead, or prejudice the jury, it should be excluded."  *McManamon v. Washko*, 906 A.2d 1259, 1276 (Pa. Super. 2006) (citation omitted).

At issue here is the following portion of Detective Wingard's testimony: "[Y]ou have to look closely on the bigger screen because from his left hand, especially as he rounds the building, there is something in his left hand.  In my opinion it is exactly a pistol grip shotgun and it is swinging."  N.T., Trial, 5/29-31/15, at 77.  We agree with the trial court that this testimony is rationally based upon the perception of Detective Wingard and helpful to the clear understanding of his testimony.  It was therefore not impermissible lay opinion testimony.

Furthermore, the surveillance video itself was presented as evidence to the jury and the trial court for review during Detective Wingard's testimony.  It was played again, at the jury's request, during deliberation.  *See id*., at

175. The jury and trial court were capable of watching the video and determining whether they agreed with Detective Wingard's opinion.

Finally, Detective Wingard's testimony was not the only evidence supporting an inference that Witherspoon brandished a shotgun during the robbery. The victim repeatedly testified that Witherspoon was visibly holding a pump-action shotgun while robbing him. *See id*., at 40-41; 51-52; 54. As such, we cannot conclude that Detective Wingard's opinion testimony confused or misled the fact-finders, nor can we conclude that it was unduly prejudicial to Witherspoon.

Witherspoon's second argument is that Detective Wingard's testimony violated the "best evidence" rule. The best evidence rule, Rule 1002, provides that "[a]n original writing, recording, or photograph is required in order to prove its content." Pa.R.E., Rule 1002. A primary purpose of the rule is to "inhibit fraud because it allows the parties to examine the original documents to detect alterations and erroneous testimony about the contents of the document." *Id*., *Comment*. Video surveillance footage falls within the scope of the best evidence rule. *See Commonwealth v. Lewis*, 623 A.2d 355, 358 (Pa. Super. 1993).

However, we conclude that Rule 1002 is inapposite to the circumstances of this issue. The surveillance footage was provided to defense counsel and presented to the finders of fact. This satisfies the requirements and policy underlying Rule 1002. *See id*. ("the best evidence

rule was designed to guard against [] a witness … attempting to testify regarding the contents of a videotape when the tape itself has not been admitted into evidence"). Defense counsel was able to cross-examine Detective Wingard on what the video showed, and the fact-finders were allowed to observe the video and draw their own conclusions. Thus, Witherspoon's second argument against the admissibility of Detective Wingard's testimony merits no relief.

In his final argument, Witherspoon contends that the trial court erred in refusing to grant a new trial based on the weight of the evidence presented at trial. However, Witherspoon failed to preserve this issue in his court-ordered Rule 1925(b) statement of issues presented on appeal. As a result, the trial court's opinion does not address this issue, and it is waived for purposes of appeal. *See* Pa.R.A.P. 1925(b)(4)(vii) (issues not included in the statement are waived).

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2015

- 6 -