J-A23007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KASHAMARA GREEN, | : | |
| | : | |
| Appellant | : | No. 1324 WDA 2014 |

Appeal from the Judgment of Sentence March 18, 2014
in the Court of Common Pleas of Allegheny County,
Criminal Division, No. CP-02-CR-0001078-2012

BEFORE:  GANTMAN, P.J., LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:  **FILED DECEMBER 22, 2015**

Kashamara Green ("Green") appeals from the judgment of sentence entered following his conviction of theft by failure to make required disposition of funds.  We vacate Green's judgment of sentence and remand for a new trial.

The trial court set forth the relevant factual and procedural history in its Opinion, which we adopt herein for purposes of this appeal.  ***See*** Trial Court Opinion, 4/30/15, at 2-3.

On appeal, Green raises the following issues for our review:

1. Did the trial court err when it permitted testimony from a bank administrator[,] regarding what she observed in a surveillance video, when the video itself was not admitted into evidence, in violation of the best evidence rule?

2. Was the evidence sufficient to support the guilty verdict in this case where there was no proof of any criminal intent or

that [Green] benefitted from the missing funds, rendering any guilty verdict the product of conjecture and surmise?

Brief for Appellant at 7 (capitalization omitted).

In his first issue, Green contends that his conviction must be reversed because the Commonwealth's testimonial evidence, regarding the contents of PNC Bank's surveillance videotapes, violated the best evidence rule, codified at Pa.R.E. 1002. *Id*. at 11. Specifically, Green asserts that the trial court should not have permitted bank employee Colleen Doheny ("Doheny") to testify regarding her observations of the contents of the bank's surveillance videotapes, because she had no personal knowledge regarding the transactions depicted therein. *Id*. at 15. Rather, Green claims, Doheny viewed only select portions of the bank's surveillance videotapes, and testified that she did not see Green making a night deposit in the portions that she had viewed. *Id*. at 16. For this reason, Green argues, the best evidence rule required production of the original surveillance videotapes, which were never produced to Green and were unavailable at the time of trial. *Id*. at 12, 15. Green also contends that the admission of Doheny's testimony regarding the contents of the videotapes constituted prejudicial error, requiring the reversal of his conviction. *Id*. at 15.

Questions concerning the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Commonwealth v. Freidl*, 834 A.2d 638, 641 (Pa. Super. 2003).

Here, the trial court addressed Green's first claim, set forth the relevant law, and determined that the court violated the best evidence rule by permitting Doheny to testify regarding the contents of the bank's surveillance videotapes, when the videotapes no longer existed. **See** Trial Court Opinion, 3/2/15, at 3-6. The trial court also determined that the error was not harmless. **See id**. We concur with the trial court's reasoning and, on this basis, vacate Green's judgment of sentence and remand for a new trial.

Based on our disposition of Green's first issue, we need not address his remaining issues.

Judgment of sentence vacated. Case remanded for a new trial. Jurisdiction relinquished.

Lazarus, J., joins the memorandum.

Gantman, P.J., files a dissenting memorandum.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/22/2015</u>

IN THE FIFTH JUDICIAL DISTRICT OF THE COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA      ) CC No. 201201078
              vs.                           ) Superior Court No. 1324WDA2014
KASHAMARA GREEN                  )

## OPINION

The appellant, Kashamara Green, (hereinafter referred to as "Green"), was

originally charged with four counts of theft by failure to make required disposition

and one count of forgery. Green proceeded with a jury trial on March 17, 2014, and

following the conclusion of the Commonwealth's case, this Court granted his motion

for judgment of acquittal on the charge of forgery. On March 18, 2014, the jury

returned a verdict of guilty with respect to one count of theft by failure to make

required disposition and found Green not guilty on the remaining three counts of

theft by failure to make required disposition. Green was sentenced to three years

probation, required to undergo random drug screening and was required to pay

restitution in the amount of $2,900.38.

Green filed timely post-sentence motions and following a hearing on those

motions, this Court denied his post-sentence motions. After the denial of his post-

sentence motions, Green filed a timely appeal and was directed to file a concise

statement of matters complained of on appeal. In complying with that directive,

Green maintains three claims of error. Initially Green maintains that the Court

erred in allowing testimony from a bank administrator concerning what she viewed

on surveillance videotapes when those tapes were not introduced into evidence.

Green also maintains that the evidence was insufficient to support the verdict of

2

guilty and, in the alternative, that the weight of the evidence does not support the verdict in this case.

Green was employed as the manager of a Family Dollar Store located in Penn Hills, Pennsylvania. Among his numerous responsibilities was to make daily deposits of the cash generated at that business. During a routine audit of the business, it was determined that there were four deposits that were missing during the month of June 2013. In reviewing the records in this case, it was determined that Green would have been responsible for making all four of those deposits During the course of trial, the Commonwealth presented the testimony of Colleen Doheny, who was employed by PNC Bank in their internal frauds investigation. As part of her testimony, she described what she viewed on the surveillance tapes, which were maintained by PNC at the bank where Green should have made his deposits. In that testimony, she stated that she never viewed Green on those surveillance tapes. Prior to her testimony about the surveillance tapes, Green's counsel made an objection on the basis that her testimony would violate the best evidence since the tapes had not been introduced into evidence and, in fact, that the tapes no longer existed.

Green maintains that the testimony of Doheny should have been restricted so as not to let her testify as to what she viewed on the videotapes since it violated the best evidence rule. *Pennsylvania Rule of Evidence 102* sets forth the best evidence rule as follows:

**Rule 102. Purpose**

> These rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the

development of evidence law, to the end of ascertaining the truth and securing a just determination.

In *Commonwealth v. Lewis, 424 Pa. Super. 531, 623 A.2d 355, 358-359 (1993),*

the Court was confronted with the question of whether or not a witness could testify

to what he observed on a videotape when that videotape was not introduced into

evidence.

> *Anderson v. Commonwealth,* 121 Pa.Cmwlth. 521, 550 A.2d 1049 (1988) is the only case involving the application of the best evidence rule to a videotape. In *Anderson,* the owner of a bookstore appealed the trial court's finding that he had violated a township pornography ordinance. At trial, the township elicited the testimony of the Township Zoning Officer and an interested citizen concerning the allegedly pornographic contents of reading material and videotapes which were available at the bookstore. The township did not produce any of the material alleged to be pornographic. On appeal, the Commonwealth Court held that without the production of the alleged pornographic material, it was an error of law for the trial court to admit the testimony of the two witnesses. The court stated:

> > Clearly, the best evidence concerning the alleged pornographic material was the material itself ... Since the witnesses did not actually read the written material or view the film in its entirety the best evidence rule precludes their testimony to establish the contents.
> > *Id.* at 523, 550 A.2d at 1050.

> The rationale for the best evidence rule was discussed in *Hamill-Quinlan, Inc. v. Fisher,* 404 Pa.Super. 482, 591 A.2d 309 (1991):

> > The rationale for the rule is readily apparent: in light of the added importance that the fact-finder may attach to the written word, it is better to have available the exact words of a writing, to prevent 'the mistransmitting [of] critical facts which accompanies the use of written copies or recollection,' and to prevent fraud. *See* L. Packel & A. Poulin, Pennsylvania Evidence, § 1001 at 694 (1987 & Suppl.1990), (quoting McCormick, Evidence, § 231 (3d ed. 1984)).

> *Hamill-Quinlan, Inc.* at 489, 591 A.2d at 313.

> We find that the facts in the instant case present the same type of circumstances which the best evidence rule was designed to guard against: a

4

witness is attempting to testify regarding the contents of a videotape when the tape itself has not been admitted into evidence. The need to secure the original evidence itself, in order to insure that the contents of the evidence be given the proper weight, is apparent in this case. Thus, the best evidence rule should apply, in order to prevent any mistransmission of the facts surrounding Appellant's acts in the Sears store which might mislead the jury.

Furthermore, the contents of the tape i.e., Appellant's alleged act of retail theft, were very much at issue in the present case, since Appellant had been charged with retail theft. The interpretation of exactly what occurred between Appellant and his companion in the Sears store was crucial to a determination of whether Appellant had intended to remove the radio from the store without paying for it, and whether he had in fact known what his companion was doing when Lohnes exited the store with the radio in his jacket. Therefore, because Officer Barclay attempted to testify regarding the contents of the videotape, the best evidence rule bars the admission of his testimony. Unlike the witnesses in *Anderson*, Officer Barclay had viewed the tape; nevertheless, he did not have first-hand knowledge of Appellant's alleged act of theft; rather, whatever knowledge he possessed was gained from his viewing of the videotape. Thus, the original tape should have been produced. Security guard Stephen Fee testified at trial that he was unable to locate the videotape of Appellant's actions, as such tapes were stored in the basement *538 of the Sears store, and the system whereby they are classified for storage is imprecise. Because this explanation concerning the unavailability of the tape was unsatisfactory, application of the rule to the instant case renders the testimony of Officer Barclay inadmissible as secondary evidence. Therefore, the trial court erred in admitting Barclay's testimony.

Furthermore, the admission of Officer Barclay's testimony concerning the content of the video tape does not constitute harmless error. The general harmless error standard is set forth in *Commonwealth v. Norris*, 498 Pa. 308, 446 A.2d 246 (1982):

Under the test adopted by this court, evidence improperly admitted can be treated as harmless on any one of three grounds, namely, that the evidence of guilt, without regard to the tainted evidence, is so overwhelming that conviction would have followed beyond a reasonable doubt without regard to it, that the tainted evidence is merely cumulative of other proper persuasive evidence on the issue for which it is offered, or that it is so slight or tangential in its effect that its influence on the jury can be determined to have been *de minimis*.

*Id.* at 317, 446 A.2d at 250.

5

In viewing Green's case in light of the holding *Commonwealth v. Lewis*, *supra.*, it is clear that it was error for this Court to allow the representative from PNC to testify to what she had observed on the surveillance videotapes when they no longer existed. It is also clear that it was not a harmless error and, accordingly, Green's conviction for theft should be vacated and the case should be remanded for the purpose of a new trial. In light of the disposition of this claim of error, it is unnecessary to consider Green's remaining claims of error.

BY THE COURT:

_____ A.J.

DATED:      March 2, 2015