J-S41022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DANIELL MONIQUE SCOTT :
:
Appellant : No. 215 MDA 2020

Appeal from the Judgment of Sentence Entered December 31, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000752-2019

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED: NOVEMBER 6, 2020**

Daniell Monique Scott appeals from the judgment of sentence entered

after a jury found her guilty of Retail Theft and Conspiracy.[1] Scott challenges

the admission of testimony that she claims was precluded by the best evidence

rule. We affirm based on the trial court's opinion.

In December 2018, Scott was arrested and charged with retail theft and

conspiracy. She and a co-defendant proceeded to a joint jury trial at which a

store employee, Andrew Young, testified that he told police that Scott and her

co-defendant had attempted to steal a hoverboard. Trial Ct. 1925(a) Op., filed

4/22/20, at 1. Young said that he had viewed a surveillance video and given

the police officer copies of timestamped, still photos from the video. He stated

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3929(a)(1) and 903, respectively.

that following the incident, when he attempted to transfer the surveillance video to a disk for the police, he discovered that the video and other files on the system were corrupted. He explained that such corruption cannot result from human error. Young then testified about the contents of the video, over a defense objection based on the best evidence rule.

The jury found Scott guilty of the above offenses and the trial court sentenced Scott to six to 12 months' incarceration. Scott filed a post sentence motion seeking a new trial due to, among other things, an alleged best evidence rule violation. The court denied the motion and this timely appeal followed. Scott raises one issue: "Whether the Trial Court erred by not applying the best evidence rule to prohibit the testimony of witnesses at trial regarding the contents of a surveillance video which was not presented to the defense or presented at trial." Scott's Br. at 4 (footnote omitted).

We review the admission of evidence for an abuse of discretion. **Commonwealth v. Green**, 162 A.3d 509, 516 (Pa.Super. 2017) (*en banc*). Admission of evidence depends on its relevance. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." **Id.** (quoting **Commonwealth v. Resse**, 31 A.3d 708, 716 (Pa.Super. 2011) (*en banc*)).

The best evidence rule provides, "An original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise."

Pa.R.E. 1002. If the original has been lost or destroyed, other evidence is admissible to prove the content of the writing, recording, or photograph, so long as the loss or destruction of the original is not by the proponent of the other content having acted in bad faith. ***See*** Pa.R.E. 1004; ***Commonwealth v. Dent***, 837 A.2d 571, 589 (Pa.Super. 2003).

Here, the trial court determined that the Commonwealth was not required to produce the original surveillance footage because it had been corrupted. The court concluded that "the Commonwealth did not act in bad faith in failing to preserve the video evidence" and it therefore allowed into evidence Young's testimony. ***See*** 1925(a) Op. at 16.

After a review of the parties' briefs, the certified record, and the relevant law, we find no error in the trial court's analysis. We thus affirm based on the well-reasoned opinion of the Honorable Maria Musti Cook. We add only that Scott's reliance on ***Commonwealth v. Lewis***, 623 A.2d 355, 359 (Pa.Super. 1993), is misplaced. There, we held that the explanation for the loss of a videotape subject to the best evidence rule – it could not be found because the filing system for storing tapes was "imprecise"– was "unsatisfactory" and "secondary evidence" about the content of the videotape was therefore inadmissible. Here, the loss of the video was not due to negligence. Rather, the testimony (which the trial court credited) was that it resulted from computer "corruption" that human error cannot cause.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/06/2020

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

               V.

DANIELL MONIQUE SCOTT,
    Defendant/Appellant

:
:
:
:
:
:
:
:
:

CP-67-CR-0752-2019

## STATEMENT OF LOWER COURT PURSUANT TO PA.R.A.P. 1925(a)

**AND NOW**, this 22nd day of April, 2020, upon receipt of a notice that an appeal has been filed in this matter, and in consideration of the Statement of Matters Complained of on Appeal, filed on behalf of Daniell Monique Scott ("Defendant"), by and through her attorney, Marc J. Semke, Esquire, the undersigned files this statement pursuant to PA.R.A.P. 1925(a).

The reasons for this Court's denial of Defendant's post-sentence motion can be found herein.

## Factual and Relevant Procedural History:

Defendant was charged with retail theft—take merchandise (Count 1) under 18 Pa. Cons. Stat. § 3929(a)(1), and criminal conspiracy to retail theft (Count 2) under 18 Pa. Cons. Stat. §§ 903(a)(1) and 3929(a)(1).

On March 13, 2019, this Court appointed Attorney Christopher Moore, Esquire, to represent Defendant in the trial proceedings.

At 6:07 p.m. on December 12, 2018, Officer Adam Bruckhart was dispatched to Walmart, 1000 Town Center Dr. York, PA 17408, for a retail theft. Upon arrival, Andrew Young, a loss prevention officer ("LPO"), reported that Defendant and her co-defendant, Eric Santos, attempted to steal a hoverboard valued at $241.68.

A criminal jury trial took place from November 19 to 20, 2019. At the conclusion of the jury trial, the jury unanimously convicted Defendant, and her co-defendant, Eric Santos, guilty of both counts.

A sentencing hearing was held on December 31, 2019. Defendant was sentenced to 6 to 12 months' incarceration in the York County Prison.

Upon completion of her period of incarceration or her parole, Defendant is required to complete the Courage to Change Program.

On January 8, 2020, Attorney Marc J. Semke, Esquire, entered his appearance as Defendant's counsel of record. On January 10, 2020, Defendant, by and through Attorney Semke, filed post-sentence motions for a new trial, judgment of acquittal, and bail after sentencing. On January 22, 2020, this Court Defendant's post-sentence motions. A hearing to address bail was scheduled on February 3, 2020.

On February 3, 2020, Defendant, by and through Attorney Semke, filed a notice of appeal to the Superior Court from the judgment of sentence on December 31, 2019, and the denial of her post-sentence motion on January 22, 2020. At the same time, Defendant filed a petition for leave to file an appeal *in forma pauperis*, which was granted.

On February 5, 2020, this Court issued an order directing Defendant to file a statement of errors complained of on appeal. After an extension of time to file, Defendant filed the Rule 1925(b) statement on March 25, 2020. In her Rule 1925(b) statement, Defendant raises four issues:

1.  The Commonwealth presented insufficient evidence to prove beyond a reasonable doubt that Appellant was guilty of Retail Theft. There was no proof Appellant intended to deprive the merchant of possession of the merchandise as Appellant had not passed the entrance to the customer service desk.

2.  The Commonwealth presented insufficient evidence to prove beyond a reasonable doubt that Appellant was guilty of conspiracy to commit Retail Theft. There was no proof Appellant intended to deprive the merchant of possession of the merchandise, and no proof Appellant had agreed or conspired with the co-defendant to commit Retail theft.

3.  The Trial Court erred by allowing hearsay testimony regarding the contents of the surveillance video that was not provided to defense counsel or presented at trial.

4.  The Trial Court erred by not applying the best evidence rule to prohibit the testimony of witnesses at trial regarding the contents of a surveillance video.

Rule 1925(b) Statement, 03/25/2020.


**Discussion:**

**I.  The evidence and testimony presented at trial was sufficient in proving Defendant's intent to deprive the merchant of possession of the merchandise. The Commonwealth sustained its burden in a conviction for retail theft.**

Defendant alleges that the Commonwealth presented insufficient evidence to prove beyond a reasonable doubt that Defendant was guilty of retail theft. Rule 1925(b) Statement, 03/25/2020, ¶ 1. Specifically,

Defendant argues that the Commonwealth failed its burden in proving Defendant's intent to deprive the merchant of possession of the merchandise "as [Defendant] had not passed the entrance to the customer service desk." Id. This Court finds Defendant's claim unsupported by the evidence of record. Thus, no relief is due.

Regarding Defendant's sufficiency claim, the evidence must be reviewed in light most favorable to the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000). Where the evidence offered to support the verdict contradicts the physical facts, contravenes human experience and the laws of nature, the evidence is insufficient as a matter of law. Id. Evidence is sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Id.

18 PA. CONS. STAT. § 3929(a)(1) defines retail theft as follows:

> A person is guilty of a retail theft if she: takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession,

use or benefit of such merchandise without paying the full retail value thereof[.]

18 PA. CONS. STAT. § 3929(a)(1).

The Pennsylvania Superior Court has recognized that "intent can be proven by direct or *circumstantial* evidence; it may be inferred from acts or conduct or from the attendant circumstances." Commonwealth v. Franklin, 69 A.3d 719, 723 (Pa. Super. 2013).

This Court finds that there was sufficient evidence for the jury to conclude that Defendant acted with intent to deprive Walmart of the possession of the hoverboard.

Both Defendant and co-defendant, Eric Santos, provided testimony at trial. Defendants testified that they went to the store with a vacuum cleaner, and a receipt to exchange it for a hoverboard. Id. at 191–92. However, all three witnesses of the Commonwealth—Sabrina Santiago, Andrew Young, and Sergeant Adam Bruckhart—offered drastically different testimonies from both defendants' statement.

Sabrina Santiago, customer host for Walmart, provided her testimony for the Commonwealth at trial. Sabrina Santiago was trained to

look for signs of theft to help Walmart prevent thefts. N.T. Trial, 11/19/2019, at 90–91. Based on her testimony, Sabrina Santiago was stationed at the general merchandise exit of Walmart when Defendant and Eric Santos came to her door. Id. at 92–94. She noticed that Defendant and Eric Santos had an expensive hoverboard in their cart. Id. at 92–93. She then stopped them and asked for a receipt. Id. at 93. During the entire course of the interaction, neither Defendant nor Eric Santos was able to produce a receipt for the hoverboard. Id. Sabrina Santiago further explained that Defendant and Eric Santos had to turn in the opposite direction of the customer service desk in order to get to her. Id. at 98.

Andrew Young, loss prevention officer for Walmart at the time of incident, also presented his testimony for the Commonwealth at trial. Andrew Young stated that he was called over by Sabrina Santiago. N.T. Trial, 11/20/2019, at 136–37. According to his testimony, Defendant and Eric Santos told Andrew Young that "they brought the hoverboard *and* a vacuum cleaner in for a return and that they were items that belong to them." Id. at 138–39. However, at no time did Defendant and Eric Santos provide a receipt for the hoverboard to Andrew Young. Id. at 147. Also,

Andrew Young pointed out that he watched the surveillance video twice to confirm that Defendant and Eric Santos came into the store only with a vacuum cleaner. Id. at 139–42.

In addition, Andrew Young provided his testimony as to the contents of the surveillance video at trial, as well as the timestamped still photographs from the video. Based on Andrew Young's testimony and exhibits proffered at trial, Defendant and Eric Santos did enter the store, "but only with the vacuum cleaner." Id. at 140–41. Defendant and Eric Santos then placed the vacuum cleaner into a shopping cart. Id. at 141. There was nothing else in that cart besides the vacuum cleaner. Id. at 142. Defendant and Eric Santos proceeded to the toy department with only the vacuum in the cart and no hoverboard. Id. at 143. In the toy department, after Defendant and Eric Santos selected the hoverboard from the shelf, they placed it on the bottom of their cart. Id. at 144. Defendant and Eric Santos subsequently went towards the front of the store. Id. "They then both proceeded to walk through the [self-checkouts] and attempted to exit the store." Id.

Defendants disagreed with Andrew Young. Co-defendant, Eric Santos, testified that, after he and Defendant placed the hoverboard underneath the cart, they "did [their] little shopping," and purchased "knickknacks for the house," "toiletries," or deodorant. Id. at 192. Eric Santos emphasized that they paid for their items at the checkout. Id. Defendant also offered her testimony, consistent with Eric Santos' statement. Id. at 200–01.

However, evidence and testimony proffered at trial showed that Defendant and Eric Santos walked towards the front of the store almost instantly after they placed the hoverboard into their cart. The timestamped photographs presented at trial indicated that, there were no other items except the vacuum cleaner in Eric Santos' cart around 5:31 p.m. Exhibit 3. Defendant and Eric Santos selected the hoverboard and placed it on the bottom of their cart around 5:33 p.m. Exhibit 4. Police were called at 6:07 p.m. Both Defendant and Eric Santos confirmed that it was approximately 30 minutes that they stood at the front of the store after they were confronted by Sabrina Santiago. Id. at 196, 204.

Officer Adam Bruckhart, Sergeant of the West Manchester Township Police Department, provided his testimony at trial. Sergeant Bruckhart indicated that he was able to find Defendant in the parking lot and talk to her. Id. at 167. Sergeant Bruckhart stated that he asked Defendant whether she had a receipt for the hoverboard. Id. at 168. "She told me that she did." Id. However, "she was not able to find the hoverboard receipt." Id. Consistent with Andrew Young's testimony, Sergeant Bruckhart provided that:

> [Defendant] explained to me that she arrived at the store with her boyfriend. They came in an Uber. When they arrived at the store, they had a vacuum cleaner *and* a hoverboard in their possession and that they took these items from the Uber into the store. Then they intended to exchange those items for a return and had not done so and that they were leaving the merchandise that they had brought in.

Id. at 169.

Considering the foregoing evidence and testimony offered at trial, this Court finds Defendant and her co-defendant's testimony not credible. Under Franklin, there was ample circumstantial evidence proving that Defendant intentionally took possession of the hoverboard, without paying the full retail value.

Therefore, under <u>Widmer</u>, viewing the combination of evidence in the light most favorable to the Commonwealth as verdict winner, the jury could properly infer that Defendant had the intent to deprive the Walmart of its possession of the hoverboard. Accordingly, Defendant's first claim merits no relief.

II. **The evidence and testimony presented at trial was sufficient in proving that Defendant had agreed or conspired with the co-defendant to commit retail theft.**

Defendant asserts that the Commonwealth presented insufficient evidence to prove beyond a reasonable doubt that Defendant was guilty of conspiracy to commit retail theft. Rule 1925(b) Statement, 03/25/2020, ¶ 2. Specifically, Defendant argues that there was no proof Defendant "had agreed or conspired with the co-defendant to commit retail theft." <u>Id.</u> Defendant's claim has no basis.

Pursuant to 18 PA. CONS. STAT. § 903(a), conspiracy is defined as follows:

> A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime[.]

18 PA. CONS. STAT. § 903(a)(1).

The Pennsylvania Superior Court, in <u>Commonwealth v. Lambert</u>, acknowledged that a conspiracy can be proved by circumstantial evidence:

> A conspiracy is almost always proved through *circumstantial evidence*. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt.

795 A.2d 1010, 1016 (Pa. Super. 2002).

The circumstantial evidence in this case, as previously outlined, supports the conclusion that Defendant was involved in a conspiracy with her co-defendant, Eric Santos, to commit the retail theft at the Walmart. Defendants told both Andrew Young and Sergeant Bruckhart that they had brought the vacuum cleaner *and* the hoverboard into the store for exchange. This was contradicted by the photographic evidence. Defendant's statements are evidence of the conspiracy. Therefore, under <u>Widmer</u>, Defendant's second claim is meritless.

**III. Trial Court did not err in admitting the testimony regarding the contents of the surveillance video. Trial Court did not err in not applying the best evidence rule.**

Defendant argues that this Court erred by allowing the testimony as to the contents of the surveillance video, which was not provided to the defense counsel or presented at trial. Rule 1925(b) Statement, 03/25/2020, ¶ 3. Further, Defendant alleges that this Court erred in not applying the best evidence rule by admitting the testimony of witnesses at trial regarding the contents of the surveillance video. Id. ¶ 4.

The best evidence rule in the Pennsylvania Rules of Evidence provides that: "An original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa. R. Evid. 1002.

With respect to the "missing evidence," the Pennsylvania Supreme Court has explained that:

> The Due Process Clause of the Fourteenth Amendment requires defendants be provided access to certain kinds of evidence prior to trial, so they may 'be afforded a meaningful opportunity to present a complete defense.' This guarantee of access to evidence requires the prosecution to turn over, if requested, any evidence which is exculpatory and material to

guilt or punishment, and to turn over exculpatory evidence which might raise a reasonable doubt about a defendant's guilt, even if the defense fails to request it. If a defendant asserts a Brady or Agurs violation, he is not required to show bad faith.

There is another category of constitutionally guaranteed access to evidence, which involves evidence that is not materially exculpatory, but is potentially useful, that is destroyed by the state before the defense has an opportunity to examine it. When the state fails to preserve evidence that is 'potentially useful,' there is no federal due process violation 'unless a criminal defendant can show bad faith on the part of the police.' Potentially useful evidence is that of which 'no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant.' In evaluating a claim that the Commonwealth's failure to preserve evidence violated a criminal defendant's federal due process rights, a court must first determine whether the missing evidence is materially exculpatory or potentially useful.

Commonwealth v. Chamberlain, 30 A.3d 381, 402 (Pa. 2011) (internal citations omitted).

In Commonwealth v. Williams, the Pennsylvania Superior Court reversed the trial court's decision in suppressing testimony relating to the contents of a surveillance video that had been lost. 154 A.3d 336, 341 (Pa. Super. 2017). The Williams court reasoned that the testimony relating to the contents of the video should be allowed because "the lost surveillance

video footage was only *potentially useful* and the police did not act in bad faith in failing to preserve it." Id. (emphasis added).

Andrew Young offered his testimony as to the unavailability of the surveillance video at trial. Andrew Young had been a loss prevention officer at the Walmart for four years at the time of the incident. N.T. Trial, 11/19/2019, at 101. He confirmed that he is familiar with the surveillance system in the Walmart. Id. at 102. He had previously utilized the system as a part of his job as a loss prevention officer. Id.

Andrew Young testified that he did save the footage before burning the footage onto a disk. Id. at 103–04. When he was told by Sergeant Bruckhart that he was on his way to pick up the discs, Andrew Young attempted to burn the footage onto a disk for his arrival. Id. However, when he went to do that, Andrew Young discovered that footage along with other saved files had been corrupted. Id. at 104. He pointed out that, never in the four years of being a loss prevention officer, had he been able to recover video with this type of corruption. Id. In addition, Andrew

Young denied that he caused the corruption in the video footage. Id. Also, he stated that human error cannot cause this type of corruption. Id. at 108.

In addition, Sergeant Bruckhart provided his testimony that he followed the standard procedure. Id. at 115. He stated that it was not the standard procedure to obtain a copy of the video during the incident where there is someone in custody. Id. He further stated that he did not cause the video to be unavailable for the trial. Id. at 116. Both Andrew Young and Sergeant Bruckhart testified that they had an opportunity to watch the video on the day of incident. Id. at 102, 115.

Considering that the Commonwealth provided the timestamped still photographs from the video of the incident; parties stipulated that both defendants were in the Walmart on the date of incident; and there was no dispute as to the existence of the hoverboard in the cart, this Court finds that the surveillance video is *not materially exculpatory* under Chamberlain.

Further, based on the testimony made by Andrew Young and Sergeant Bruckhart at trial, the Commonwealth did not act in bad faith in failing to preserve the video evidence. Like Williams, since the video

evidence herein was only *potentially useful* and the Commonwealth did not act in bad faith in not preserving the evidence, this Court concludes that Andrew Young and Sergeant Bruckhart were properly allowed to testify regarding their observations of the surveillance video. See N.T. Trial, 11/19/2019, at 126–27.

Accordingly, Defendant's claim as to the admissibility of the testimony regarding the contents of the surveillance video, again, merits no relief.

**Conclusion:**

Based on the above reasons, this Court respectfully urges affirmance of this Court's judgment of sentence entered on December 31, 2019.

The Clerk of Courts is directed to provide notice of the entry of this Statement to the York County District Attorney's Office, Attorney Marc J. Semke, Esquire, Counsel for Defendant and Defendant, Daniell Monique Scott.

BY THE COURT,

_Maria Musti Cook_
MARIA MUSTI COOK, JUDGE