J-S41023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC NOEL SANTOS | : | |
| | : | |
| Appellant | : | No. 261 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 31, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000751-2019

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED NOVEMBER 12, 2020**

Eric Noel Santos appeals from the judgment of sentence entered after a jury found him guilty of Retail Theft and Conspiracy.[1] Santos challenges the sufficiency and weight of the evidence, as well as the admission of testimony. We affirm based on the trial court opinion.

In December 2018, Officer Adam Bruckhart went to a Walmart in York County in response to a report of a retail theft. There, a loss prevention officer told him that Santos and Daniell Monique Scott had attempted to steal a hoverboard valued at $241.68. Police arrested and charged them. At their joint jury trial, both Santos and Scott testified that they had brought a vacuum cleaner and the hoverboard back to Walmart to return them. However, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3929(a)(1) and 903, respectively.

loss prevention officer testified that he had watched a surveillance video twice that showed Santos and Scott coming into the store with only the vacuum cleaner. He also said that at the time of the incident, he gave the police officer copies of timestamped, still photos from the video. He stated that following the incident, when he attempted to transfer the surveillance video to a disk for the police, he discovered that the video and other files on the system were corrupted. He explained that such corruption cannot result from human error. Young then testified about the contents of the video, over a defense objection based on the best evidence rule. Finally, a Walmart employee who stopped Santos and Scott when they attempted to leave said that she stopped them and asked them for a receipt, and they could not produce a receipt for the hoverboard.

The jury found Santos and Scott guilty of the above offenses and the trial court sentenced Santos to six to 12 months' incarceration. Santos filed a post sentence motion challenging the weight and sufficiency of evidence. **_See_** Post-Sentence Motion, filed 1/10/20. The trial court denied the motion and this timely appeal followed.

Santos raises the following issues before this Court:

> I. Whether the evidence is insufficient to sustain the conviction?
>
> II. Whether the verdict is against the weight of the evidence?
>
> III. Whether the affiant and loss prevention officer's testimony about the missing surveillance video violated the Best Evidence Rule or was otherwise

- 2 -

hearsay and should not have been allowed into evidence[?]

Santos' Br. at 5.

Santos' first claim challenges the sufficiency of evidence. He claims that "[t]here exists no evidence that [Santos] carried away the hoverboard with the intent to deprive the owner of full value." *Id.* at 16. Our standard of review is *de novo*; "our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." *Commonwealth v. Rushing*, 99 A.3d 416, 420–21 (Pa. 2014).

Here, the trial court determined that the evidence was sufficient to sustain the convictions. It noted the evidence and testimony at trial that Santos and his co-defendant did not walk in with the hoverboard, picked up the hoverboard while in the store, and then attempted to leave the store without paying for the item.

> [T]he evidence and testimony proffered at trial showed that [Santos] and Daniell Scott walked towards the front of the store almost instantly after they placed the hoverboard into their cart. The time-stamped photographs presented at trial indicated that, there were no other items except the vacuum cleaner in [Santos'] cart around 5:31 p.m. [Santos] and Daniell Scott selected the hoverboard and placed it on the bottom of their cart around 5:33 p.m. Police were called at 6:07 p.m. Both [Santos] and Daniell Scott confirmed that it was approximately 30 minutes that they stood at the front of the store after they were confronted by Sabrina Santiago.

Pa.R.A.P. 1925(a) Op. ("1925(a) Op."), 4/17/20, at 9 (citations to notes of testimony and exhibit omitted). Upon a review of the record, we agree that the evidence was sufficient to sustain the convictions.

Next, Santos challenges the weight of the evidence. He maintains that the testimony of the Commonwealth witnesses were contradictory and that his testimony established that he had an intent to pay for the items in his cart.

We review the trial court's ruling on a weight claim for abuse of discretion:

> [I]n a challenge to the weight of the evidence, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. [**Commonwealth v.**] **VanDivner**, 962 A.2d [1170,] 1178 [(Pa. 2009)]. In determining whether this standard has been met, "appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion." **Commonwealth v. Diggs**, 597 Pa. 28, 949 A.2d 873, 879 (2008).

**Commonwealth v. Rivera**, 983 A.2d 1211, 1225 (Pa. 2009). "A verdict is against the weight of the evidence 'only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice.'" **VanDivner**, 962 A.2d at 1177 (quoting **Commonwealth v. Cousar**, 928 A.2d 1025, 1036 (Pa. 2007)).

Here, the trial court determined that the jury's verdict was not contrary to the evidence, noting that "[t]he jury found [Santos'] testimony not credible . . . ." 1925(a) Op. at 13.

> [T]he circumstantial evidence in this case simply supports the conclusion that [Santos] had the intent to deprive the Walmart of its possession of the hoverboard. [Santos and Scott] told both Andrew Young and Sergeant Bruckhart that they had brought the vacuum cleaner and the hoverboard into the store for exchange. This was contradicted by the photographic evidence. The evidence presented at trial clearly weighed in favor of the Commonwealth.
>
> The jury found [Santos'] testimony not credible, and his argument did not prevail.

*Id.*

We discern no abuse discretion. As the fact finder, the jury determined that the Commonwealth's witnesses were credible and that Santos' version of what occurred was not credible. We cannot say that the trial court abused its discretion in concluding that the jury's verdict was not so contrary to the evidence as to shock one's sense of justice.

For his final claim, Santos alleges that the trial court erroneously allowed the testimony of Young and the officer who arrived on the scene that day. He maintains that because the original surveillance video was corrupted, the best evidence rule prevented the witnesses from testifying about the video.

We review the admission of evidence for an abuse of discretion. *Commonwealth v. Green*, 162 A.3d 509, 516 (Pa.Super. 2017) (*en banc*). The best evidence rule provides, "An original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa.R.E. 1002. If the original has been lost or destroyed, other evidence is admissible to prove the content of the writing, recording, or photograph, so long as the

- 5 -

loss or destruction of the original is not by the proponent having acted in bad faith. **See** Pa.R.E. 1004; **Commonwealth v. Dent**, 837 A.2d 571, 589 (Pa.Super. 2003).

Here, the trial court determined that the Commonwealth was not required to produce the original surveillance footage because it had been corrupted. The court concluded that "the Commonwealth did not act in bad faith in failing to preserve the video evidence" and it therefore allowed into evidence Young's testimony. **See** 1925(a) Op. at 16.

After a review of the parties' briefs, the certified record, and the relevant law, we find no error in the trial court's analysis. We thus affirm based on the well-reasoned opinion of the Honorable Maria Musti Cook. We add only that although Santos makes reference to a hearsay argument in his Statement of Questions Involved, he does not develop the claim in the body of his brief, and has thus waived it. **See Commonwealth v. Woodard**, 129 A.3d 480, 502 (Pa. 2015).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2020

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

           V.

ERIC NOEL SANTOS,
    Defendant/Appellant

CP-67-CR-0751-2019

## STATEMENT OF LOWER COURT
## PURSUANT TO PA.R.A.P. 1925(a)

**AND NOW**, this _17th_ of April, 2020, upon receipt of a notice that an appeal has been filed in this matter, and in consideration of the Statement of Matters Complained of on Appeal, filed on behalf of Eric Santos ("Defendant"), by and through his attorney, Ronald J. Gross, Esquire, the undersigned files this statement pursuant to PA.R.A.P. 1925(a).

The reasons for this Court's denial of Defendant's post-sentence motion can be found herein.

## Factual and Relevant Procedural History:

Defendant was charged with criminal conspiracy to retail theft (Count 1) under 18 PA. CONS. STAT. §§ 903(a)(1) and 3929(a)(1); and retail theft—take merchandise (Count 2) under 18 PA. CONS. STAT. § 3929(a)(1).

On March 4, 2019, this Court appointed Attorney William Graff, Esquire, to represent Defendant in the trial proceedings.

At 6:07 p.m. on December 12, 2018, Officer Adam Matthew Bruckhart was dispatched to Walmart, 1000 Town Center Dr. York, PA 17408, for a retail theft. Upon arrival, Andrew Young, a loss prevention officer ("LPO"), reported that Defendant and his co-defendant, Daniell Monique Scott, attempted to steal a hoverboard valued at $241.68.

A criminal jury trial took place from November 19 to 20, 2019. At the conclusion of the jury trial, the jury unanimously convicted Defendant, and his co-defendant, Daniell Scott, guilty of both counts.

A sentencing hearing was held on December 31, 2019. Defendant was sentenced to 6 to 12 months' incarceration in the York County Prison.

Upon completion of his period of incarceration or his parole, Defendant is required to complete the Courage to Change Program.

On January 10, 2020, Defendant, by and through Attorney Graff, filed post-sentence motions for a new trial, judgment of acquittal, and bail after sentencing. On January 22, 2020, this Court denied Defendant's post-sentence motions. A hearing to address bail was scheduled on February 3, 2020.

On February 3, 2020, this Court appointed Attorney Ronald J. Gross, Esquire as counsel of record for Defendant. On February 6, 2020, Defendant, by and through Attorney Gross, filed a notice of appeal to the Superior Court from the judgment of sentence on December 31, 2019, and the denial of her post-sentence motion on January 22, 2020. At the same time, Defendant filed a petition for leave to file an appeal *in forma pauperis*, which was granted.

On February 7, 2020, this Court issued an order directing Defendant to file a statement of errors complained of on appeal. Defendant filed the

Rule 1925(b) statement on February 27, 2020. In his Rule 1925(b) statement, Defendant raises three issues:

1. There existed no evidence that the Defendant left the store with the intent to not pay for items and as such the evidence is insufficient to sustain the conviction.

2. There existed no evidence that the Defendant left the store with the intent to not pay for items and [as] such the verdict is against the weight of the evidence.

3. It was improper for the Court to allow testimony of what was viewed on the security camera as the best evidence, the security camera footage, was not preserved and unavailable at trial.

Rule 1925(b) Statement, 02/27/2020, ¶ 6.

## Discussion:

**I. The evidence and testimony presented at trial was sufficient in proving Defendant's intent to deprive the merchant of possession of the merchandise. The Commonwealth sustained its burden in a conviction for retail theft.**

Defendant alleges that the Commonwealth presented insufficient evidence to prove beyond a reasonable doubt that Defendant was guilty of retail theft. Rule 1925(b) Statement, 02/27/2020, ¶ 6(a). Specifically, Defendant argues that the Commonwealth failed its burden in proving Defendant's intent to deprive the merchant of possession of the

merchandise. Id. This Court finds Defendant's claim unsupported by the evidence of record. Thus, no relief is due.

Regarding Defendant's sufficiency claim, the evidence must be reviewed in light most favorable to the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000). Where the evidence offered to support the verdict contradicts the physical facts, contravenes human experience and the laws of nature, the evidence is insufficient as a matter of law. Id. Evidence is sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Id.

18 PA. CONS. STAT. § 3929(a)(1) defines retail theft as follows:

> A person is guilty of a retail theft if she: takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]

18 PA. CONS. STAT. § 3929(a)(1).

The Pennsylvania Superior Court has recognized that "intent can be proven by direct or *circumstantial* evidence; it may be inferred from acts or conduct or from the attendant circumstances." Commonwealth v. Franklin, 69 A.3d 719, 723 (Pa. Super. 2013).

This Court finds that there was sufficient evidence for the jury to conclude that Defendant acted with intent to deprive the Walmart of the possession of the hoverboard.

Both Defendant and co-defendant, Daniell Scott, provided testimony at trial. Defendants testified that they went to the store with a vacuum cleaner, with a receipt to exchange it for a hoverboard. Id. at 191–92. However, all three witnesses of the Commonwealth—Sabrina Santiago, Andrew Young, and Sergeant Adam Bruckhart—offered drastically different testimonies from both defendants' statement.

Sabrina Santiago, customer host for Walmart, provided her testimony for the Commonwealth at trial. Sabrina Santiago was trained to look for signs of theft to help Walmart prevent thefts. N.T. Trial, 11/19/2019, at 90–91. Based on her testimony, Sabrina Santiago was

stationed at the general merchandise exit of Walmart when Defendant and Daniell Scott came to her door. Id. at 92–94. She noticed that Defendant and Daniell Scott had an expensive hoverboard in their cart. Id. at 92–93. She then stopped them and asked for a receipt. Id. at 93. During the entire course of the interaction, neither Defendant nor Daniell Scott was able to produce a receipt for the hoverboard. Id. Sabrina Santiago further explained that Defendant and Daniell Scott had to turn in the opposite direction of the customer service desk in order to get to her. Id. at 98.

Andrew Young, loss prevention officer for Walmart at the time of incident, also presented his testimony for the Commonwealth at trial. Andrew Young stated that he was called over by Sabrina Santiago. N.T. Trial, 11/20/2019, at 136–37. According to his testimony, Defendant and Daniell Scott told Andrew Young that "they brought the hoverboard *and* a vacuum cleaner in for a return and that they were items that belong to them." Id. at 138–39. However, at no time did Defendant and Daniell Scott provide a receipt for the hoverboard to Andrew Young. Id. at 147. Also, Andrew Young pointed out that he watched the surveillance video

twice to confirm that Defendant and Daniell Scott came into the store only with a vacuum cleaner. Id. at 139–42.

In addition, Andrew Young provided his testimony as to the contents of the surveillance video at trial, as well as the timestamped still photographs from the video. Based on Andrew Young's testimony and exhibits proffered at trial, Defendant and Daniell Scott did enter the store, "but only with the vacuum cleaner." Id. at 140–41. Defendant and Daniell Scott then placed the vacuum cleaner into a shopping cart. Id. at 141. There was nothing else in their cart besides the vacuum cleaner. Id. at 142. Defendant and Daniell Scott proceeded to the toy department with only the vacuum in their cart and no hoverboard. Id. at 143. In the toy department, after Defendant and Daniell Scott selected the hoverboard from the shelf, they placed it on the bottom of their cart. Id. at 144. Defendant and Daniell Scott subsequently went towards the front of the store. Id. "They then both proceeded to walk through the [self-checkouts] and attempted to exit the store." Id.

Defendants disagreed with Andrew Young. Defendant testified that, after he and Daniell Scott placed the hoverboard underneath the cart, they "did [their] little shopping," and purchased "knickknacks for the house," "toiletries," or deodorant. Id. at 192. Defendant emphasized that they paid for their items at the checkout. Id. Daniell Scott also offered her testimony, consistent with Defendant's statement. Id. at 200–01.

However, the evidence and testimony proffered at trial showed that Defendant and Daniell Scott walked towards the front of the store almost instantly after they placed the hoverboard into their cart. The time-stamped photographs presented at trial indicated that, there were no other items except the vacuum cleaner in Defendant's cart around 5:31 p.m. Exhibit 3. Defendant and Daniell Scott selected the hoverboard and placed it on the bottom of their cart around 5:33 p.m. Exhibit 4. Police were called at 6:07 p.m. Both Defendant and Daniell Scott confirmed that it was approximately 30 minutes that they stood at the front of the store after they were confronted by Sabrina Santiago. Id. at 196, 204.

Officer Adam Bruckhart, Sergeant of the West Manchester Township Police Department, provided his testimony at trial. Sergeant Bruckhart indicated that he was able to find Daniell Scott in the parking lot and talk to her. Id. at 167. Sergeant Bruckhart stated that he asked Daniell Scott whether she had a receipt for the hoverboard. Id. at 168. "She told me that she did." Id. However, "she was not able to find the hoverboard receipt." Id. Consistent with Andrew Young's testimony, Sergeant Bruckhart provided that:

> [Daniell Scott] explained to me that she arrived at the store with [Defendant]. They came in an Uber. When they arrived at the store, they had a vacuum cleaner *and* a hoverboard in their possession and that they took these items from the Uber into the store. Then they intended to exchange those items for a return and had not done so and that they were leaving the merchandise that they had brought in.

Id. at 169.

Considering the foregoing evidence and testimony offered at trial, this Court finds Defendant and his co-defendant's testimony not credible. Under Franklin, there was ample circumstantial evidence proving that Defendant intentionally took possession of the hoverboard, without paying the full retail value.

Therefore, under <u>Widmer</u>, viewing the combination of evidence in the light most favorable to the Commonwealth as verdict winner, the jury could properly infer that Defendant had the intent to deprive the Walmart of its possession of the hoverboard. Accordingly, Defendant's first claim merits no relief.

## II. The jury verdict for retail theft was not against the greater weight of the evidence presented at trial so as to shock one's sense of justice.

Defendant claims that "[t]here existed no evidence that the Defendant left the store with the intent to not pay for items and [as] such the verdict is against the weight of the evidence." Rule 1925(b) Statement, 02/27/2020, ¶ 6(b).

We review Defendant's claim based on the following standard:

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that

notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

Widmer, 744 A.2d at 751–52.

The Pennsylvania Supreme Court has held that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." Commonwealth v. Brown, 648 A.2d 1177, 1189 (Pa. 1994), quoting Thompson v. City of Philadelphia, 493 A.2d 669, 672 (Pa. 1985). In considering a weight of evidence claim, a trial court may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. Tibbs v. Florida, 457 U.S. 31, 32 (1982).

The fact-finder "is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." Commonwealth v. Champney, 832 A.2d 403, 408 (Pa. 2003) (*quoting* Commonwealth v. Small, 741 A.2d 666 (Pa. 1999)). When challenging the verdict based on a weight of evidence claim, the defendant must show that the evidence was "so tenuous, vague and uncertain that the verdict shocks the conscience of

the court" in order to prevail. <u>Commonwealth v. Sullivan</u>, 820 A.2d 795, 806 (Pa. Super. 2003).

Based on the previous discussion, the circumstantial evidence in this case amply supports the conclusion that Defendant had the intent to deprive the Walmart of its possession of the hoverboard. Defendants told both Andrew Young and Sergeant Bruckhart that they had brought the vacuum cleaner *and* the hoverboard into the store for exchange. This was contradicted by the photographic evidence. The evidence presented at trial clearly weighed in favor of the Commonwealth.

The jury found Defendant's testimony not credible, and his argument did not prevail. Defendant failed to show that the evidence provided at trial was "so tenuous, vague and uncertain that the verdict shocks the conscience of the court" under <u>Sullivan</u>.

In conclusion, under the standard of review in <u>Widmer</u>, the verdict is not against the weight of the evidence presented, this Court's sense of justice was not shocked. Defendant's claim merits no relief.

III. **Trial Court did not err in admitting the testimony regarding the contents of the surveillance video. Trial Court did not err in not applying the best evidence rule.**

Defendant argues that this Court erred by allowing the testimony as to the contents of the surveillance video, which was not provided to the defense counsel or presented at trial. Rule 1925(b) Statement, 02/27/2020, ¶ 6(c). Further, Defendant alleges that this Court erred in not applying the best evidence rule by admitting the testimony of witnesses at trial regarding the contents of the surveillance video. Id.

The best evidence rule in the Pennsylvania Rules of Evidence provides that: "An original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa. R. Evid. 1002.

With respect to the "missing evidence," the Pennsylvania Supreme Court has explained that:

> the Due Process Clause of the Fourteenth Amendment requires defendants be provided access to certain kinds of evidence prior to trial, so they may "be afforded a meaningful opportunity to present a complete defense." This guarantee of access to evidence requires the prosecution to turn over, if

requested, any evidence which is exculpatory and material to guilt or punishment, and to turn over exculpatory evidence which might raise a reasonable doubt about a defendant's guilt, even if the defense fails to request it. If a defendant asserts a Brady or Agurs violation, he is not required to show bad faith.

There is another category of constitutionally guaranteed access to evidence, which involves evidence that is not materially exculpatory, but is potentially useful, that is destroyed by the state before the defense has an opportunity to examine it. When the state fails to preserve evidence that is "potentially useful," there is no federal due process violation "unless a criminal defendant can show bad faith on the part of the police." Potentially useful evidence is that of which "no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." In evaluating a claim that the Commonwealth's failure to preserve evidence violated a criminal defendant's federal due process rights, a court must first determine whether the missing evidence is materially exculpatory or potentially useful.

Commonwealth v. Chamberlain, 30 A.3d 381, 402 (Pa. 2011) (internal citations omitted).

In Commonwealth v. Williams, the Pennsylvania Superior Court reversed the trial court's decision in suppressing testimony relating to the contents of a surveillance video that had been lost. 154 A.3d 336, 341 (Pa. Super. 2017). The Williams court reasoned that the testimony relating to the contents of the video should be allowed because "the lost surveillance

video footage was only *potentially useful* and the police did not act in bad faith in failing to preserve it." Id. (emphasis added).

Andrew Young offered his testimony as to the unavailability of the surveillance video at trial. Andrew Young had been a loss prevention officer at the Walmart for four years at the time of the incident. N.T. Trial, 11/19/2019, at 101. He confirmed that he is familiar with the surveillance system in the Walmart. Id. at 102. He had previously utilized the system as a part of his job as a loss prevention officer. Id.

Andrew Young testified that he did save the footage before burning the footage onto a disk. Id. at 103–04. When he was told by Sergeant Bruckhart that he was on his way to pick up the discs, Andrew Young attempted to burn the footage onto a disk for his arrival. Id. However, when he went to do that, Andrew Young discovered that footage along with other saved files had been corrupted. Id. at 104. He pointed out that, never in the four years of being a loss prevention officer, had he been able to recover video with this type of corruption. Id. In addition, Andrew

Young denied that he caused the corruption in the video footage. Id. Also, he stated that human error cannot cause this type of corruption. Id. at 108.

In addition, Sergeant Bruckhart provided his testimony that he followed the standard procedure. Id. at 115. He stated that it was not the standard procedure to obtain a copy of the video during the incident where there is someone in custody. Id. He further stated that he did not cause the video to be unavailable for the trial. Id. at 116. Both Andrew Young and Sergeant Bruckhart testified that they had an opportunity to watch the video on the day of incident. Id. at 102, 115.

Considering that the Commonwealth provided the timestamped still photographs from the video of the incident; parties stipulated that both defendants were in the Walmart on the date of incident; and there was no dispute as to the existence of the hoverboard in the cart, this Court finds that the surveillance video is *not materially exculpatory* under Chamberlain.

Further, based on the testimony made by Andrew Young and Sergeant Bruckhart at trial, the Commonwealth did not act in bad faith in failing to preserve the video evidence. Like Williams, since the video

evidence herein was only *potentially useful* and the Commonwealth did not act in bad faith in not preserving the evidence, this Court concludes that Andrew Young and Sergeant Bruckhart were properly allowed to testify regarding their observations of the surveillance video. See N.T. Trial, 11/19/2019, at 126–27.

Accordingly, Defendant's claim as to the admissibility of the testimony regarding the contents of the surveillance video, again, merits no relief.

**Conclusion:**

Based on the above reasons, this Court respectfully urges affirmance of this Court's judgment of sentence entered on December 31, 2019.

The Clerk of Courts is directed to provide notice of the entry of this Statement to the York County District Attorney's Office, Attorney Ronald J. Gross, Esquire, Counsel for Defendant and Defendant, Eric Santos.

BY THE COURT,

_____
**MARIA MUSTI COOK, JUDGE**